## RECONSTRUCTION FINANCE CORPORATION
*vs.*
## HARRY B. ISAACS

Superior Court      New Haven County      File No. 57519

MEMORANDUM FILED NOVEMBER 14, 1939.

*Dennis T. O'Brien, Jr.,* of Meriden, for the Plaintiff.

*Bertrand B. Salzman,* of New Haven, for the Defendant.

FOSTER, J. It is alleged in the complaint that the Mechanics Bank endorsed and delivered to the plaintiff the note for the recovery of which this action is instituted.

As a special defense the defendant sets forth that at the time of such endorsement and delivery of such note by the bank to the plaintiff the defendant had on deposit in the bank funds equal to or in excess of the face value of such note, and that the plaintiff knew such fact; that the plaintiff received such note as collateral for a large loan to the bank and does not hold the note in due course; and that the defendant is entitled to a set-off against such note for a sum equal to his deposit with the bank at the time the plaintiff acquired the note. This special defense amounts to this:

The defendant claims that at the time the plaintiff acquired the note from the bank the defendant did not owe the amount of the note to the bank but owed it the amount of the note less the amount of his deposit with the bank; that the plaintiff had knowledge of the amount of such debt of the defendant to the

bank or that the defendant owed no debt to the bank so ascertained.

That in a suit by the bank against the defendant such claim might be made may be true. It does not appear that at the time of the endorsement of the note to the plaintiff any such claim had ever been made to the bank by the defendant. At that time the deposit was subject to reduction or addition; so also was the note. The deposit and the note were two different and separate transactions.

As between the bank and the defendant the amount due the bank upon the note and the amount due the defendant upon his deposit would have to be first ascertained before the balance due either could be struck. Such balance was never struck. The bank assigned to the plaintiff the debt due it from the defendant upon the note and, upon the allegations of the special defense, for a valuable consideration without thought or design to injure or defraud the defendant.

Upon the allegations of the special defense the defendant owes the plaintiff a certain sum upon the note and the bank owes the defendant a certain sum upon the deposit. The latter cannot be set off as against the former in this action.

The demurrer of the plaintiff to the defendant's special defense is sustained.